IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | Civil Action No. 3:18-cv-00618 |
| GARY W. DELRIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| COMPLAINT | | |

Plaintiff GARY W. DELRIO, through his attorney, G. Gregory Green, for his

Complaint in the captioned action, hereby states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

   1. Plaintiff GARY W. DELRIO is a citizen and resident of the State of Louisiana.

   2. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA(hereinafter referred to as LINA ), is a foreign corporation authorized to transact business in the State of Louisiana.

3. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by LIFE INSURANCE COMPANY OF NORTH AMERICA for the benefit of certain employees of Lowe's Companies, Inc. at their store located in Monroe, Louisiana. LINA is named as the administrator of the Plan.

4. LINA  insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

   7. At all times pertinent hereto, Plaintiff was employed by Lowe's Companies, Inc. Throughout his employment, Plaintiff was a participant in the Plan.

8. Plaintiff has suffered from bilateral hip osteoarthritis, lumbar spondylosis with radiculopathy and spondylosis with myelopathy together with neck and shoulder pain since 2014. Plaintiff's ability to perform the duties of his occupation became progressively more difficult, and he was unable to work beginning on April 28, 2014.

9. Plaintiff applied for long term disability benefits under the Plan after April, 2014, by submitting to LINA a completed application form, a physician's statement, and all other documents as required by LINA.

10. On March 17, 2016, all disability payments to plaintiff under the plan were denied.

11. On December 7, 2017, Plaintiff received a letter affirming the denial of disability benefits under the plan. He appealed and LINA reqested extensions in December of 2017. The final denial of benefits under the plan occurred via faxed letter from LINA dated May 4, 2018. The basis of the denial was as follows:

(a) LINA asserted that Plaintiff was not totally disabled under the definition provided in the plan.

(b) LINA asserted that Plaintiff could return to his own occupation as defined under the plan.

12. On or about May 4, 2018, Plaintiff's final administrative appeal was denied by LINA.

13. Plaintiff has received no disability benefits since LINA denied payment of his long term disability benefits on March 16, 2018.

CLAIM FOR RELIEF

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Plaintiff has fulfilled all conditions for receipt of benefits under the Plan, and has presented such evidence to LINA .

16. LINA has wrongfully denied Plaintiff's claim for benefits under the Plan. LINA has made unsupported factual conclusions, and has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits.

17. LINA 's denial of Plaintiff's claim for benefits is a result, at least in part, of the conflict between LINA 's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability. This result of conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

(a) LINA has refused to consider information from Plaintiff's physicians and

from Functional Capacity Evaluations together with Vocational Expert reports that were provided to it during the appeals process, which provided detailed explanations for the disability suffered by Plaintiff and set forth his various disabilities in detail.

(b) LINA has refused to consider that Plaintiff is incapable of returning to his former job as performed at Lowe's Companies, Inc., because he is only capable of performing less than a full range of sedentary work as defined by the policy, and has, in fact, been found disabled by the Social Security Administration due to his current level of impairment.

(c) LINA 's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's initial claim for benefits.

20. LINA 's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to LINA from multiple medical sources that treated plaintiff. LINA's denial of Plaintiff's claim is therefore wrongful.

21. Plaintiff is entitled to recover benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the disability requirement of the Plan.

22. Plaintiff has incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring LINA to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefit in the absence of evidence supporting the conclusion that Plaintiff's condition has changed such that Plaintiff is no

longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 07 day of May, 2018.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEY FOR PLAINTIFF
GARY W. DELRIO